LOTTINGER, Judge.
This is a suit in which the plaintiff, a commercial partnership, seeks damages against the liability insurer of Builders. Supply Company for property damage arising out of an automobile accident which occurred on Highway No. 171 between DeRidder and Lake Charles, in the Parish of Beauregard, at about 2:30 P.M. on December 3, 1951. The petition alleges that shortly before the accident one of its employees, Ralph Romero, was driving its. Chevrolet panel truck with, a load of coffee south on said highway, and that he was being followed by a truck owned by Builders Supply Company and driven by one Charley C. Whitaker, who was acting within the course and scope of his employment. Upon reaching a point some 23 miles south of DeRidder, Romero observed an acquaintence of his, whose vehicle was disabled and which was at the time parked on the east shoulder of the highway facing north. It is then alleged that Romero, wishing to aid his friend, began to bring his vehicle to a stop, at which time the Builders Supply *889 Truck was some S00 feet to his rear. The further allegation is made that although plaintiff’s truck was brought to a gradual stop over a distance of 300 feet, with Romero giving the correct hand signal of his intention to stop, the driver of the defendant insured’s truck nevertheless continued to proceed at a fast rate and crashed with great force into the rear of plaintiff’s truck, which was at that time stopped upon the highway. The further allegations are made that the road was paved, of standard width and practically level, that there was no traffic approaching which would have prevented Whitaker’s passing to the left and that it was raining slightly. Negligence is charged against Whitaker in proceeding at an excessive rate, failing to keep a proper lookout, failing to heed the stop signal, failing.to keep his vehicle under proper control and in failing to slow down and avoid the collision. Damages are sought in the amount of $538.58 for repairs to the truck and $360 for the loss of 500 pounds of coffee valued at 72‡ a pound, or a total of $898.58.
The defendant in its answer admitted the insurance coverage and the occurrence of the accident but contends that the plaintiff’s truck was in the process of backing up when the collision occurred. It is further alleged that.Whitaker first saw the plaintiff’s truck when he came over the crest of a hill and that the truck came to a sudden stop with the driver giving no hand signals. The defendant avers also that it was raining -very hard and the highway was wet and slippery. Negligence is charged against Romero. in stopping suddenly without giving hand signals and in failing to drive off the highway and onto the shoulder. In the alternative, contributory negligence is, pleaded as a bar to recovery by the plaintiff. The trial judge rendered judgment in favor of plaintiff in the amount prayed for and the case is now before us on an appeal taken by the defendant.
The trial judge has favored us with written reasons for judgment, which we herewith quote in full:
“In this case the facts disclose that the driver of the Mellow Joy Coffee Company truck was driving south on Highway 171 at a point approximately 20 miles south of DeRidder, Louisiana. The truck driver saw a friend of his, apparently, in trouble, on the east side of the highway and on the shoulder of the road. .The driver of the Mellow Joy Coffee Company truck passed the parked automobile a distance of approximately 200 to 250 feet, then stopped his car with the intention of backing Up to the disabled car. The truck ' which was insured by the Continental Casualty Company was also being driven south on the highway, although the highway at the point of the accident is straight, the driver of the insured truck drove into the back end of the Mellow Joy1 Coffee Company truck damaging-the truck, and destroying ' several pounds of coffee. The accident occurred in broad daylight, although it was raining, the visibility was good for a distance of approximately 200 feet.
“The defendant, Continental Casualty Company, contends that the accident was caused by the negligence of the driver of the Mellow Joy Coffee Company truck when he stopped in the middle of the right-hand lane of traffic.
“In our opinion, the proximate cause of the accident was the negligence of the driver of the insured truck. According to his testimony, he did not .see the Mellow Joy .Coffee Company, truck un.til within a short distance of it, and at that time his speed was such that he could not avoid colliding with the truck. At the time the Mellow Joy Coffee Company truck was stopped on the highway there was no approaching traffic, and the truck which ultimately collided with the coffee company truck was a distance of several hundred feet in the rear. It is true that there was not a clear 15 feet of space on the paved portion of the highway between the coffee company truck and the east edge of the highway. However, there was sufficient space for the driver of the insured truck to have safely passed on the east side of the Mellow *890 Joy Truck had he have had his truck under proper control and had he have kept the proper lookout in order to execute the maneuver.
“For the above and foregoing reason there will be judgment in favor of the Mellow Joy Coffee Company and against the defendant, the Continental Casualty Company, as prayed for.
Defendant to pay all costs of this suit.”
A review of the record discloses that the finding of the facts by the trial judge are correct. Whitaker, the driver of the defendant’s insured’s truck stated that he intended to pass the plaintiff’s truck, but was unable to do so because of on-coming vehicles; This is the only witness who testified to seeing any,such vehicles, however, as neither Romero nor Mr. Fanguy, whose car was on the east shqulder with a flat tire, gaw any such vehicles. Further, the defendant’s own witness, one John E. Mitchell, who- testified that he was coming from the. woods near the point, of collision and saw the accident, stated that he did not see any vehicles approaching from' the south. We conclude- with the trial judge, ■that Whitaker did not see the plaintiff’s truck until within a very short distance from it at which time his speed was too great to avoid the -collision.
The above findings do not appear to be seriously disputed by defendant and the main point raised by counsel on this appeal centers around the plea of contributory negligence, in which connection' he' cites LSÁ-R.S. 32:241, which reads as'follows:
“No person shall park any vehicle, attended or unattended, upon the main traveled portion of any highway, outside of a business or residence district, when it is practicable to park it off the main traveled portion of the highway. . In no event shall any person park a vehicle, attended or unattended, upon a highway unless an unobstructed width of not less than fifteen feet upon the main traveled portion of the highway opposite such parked vehicle is left free for passage of other vehicles, nor unless a clear view of such vehicle exists from a distance of at least two hundred feet in each direction upon the highway.”
We think the law is well settled with reference to the violation of a law regulating traffic on the highway. As was stated in the case of Williams v. Pelican Creamery, Inc., La.App., 30 So.2d 574, 577:
“Suffice it to say that the violation of a law regulating highway traffic does not constitute ‘negligence per se’, but to hold one who violates the law responsible in damages it must appear that the manner of violation was one of the proximate causes of accident and resulting injury.”
See also thfe case of Bourgeois v. Longman, La.App., 199 So. 142. Therefore, from the above-cited ■ authorities, to bar this plaintiff from- recovery we would have to .find from the facts, that the violation of the traffic regulation, as, hereinabove quoted, would have .to be a proximaté cause or concurring negligence resulting in the injury.
We are of the same opinion as the lower court in this instance'that the driver of defendant’s vehicle hád ample1 and sufficient space on the east or left side of the highway to pass plaintiff’s truck; that the highway was straight and the visibility good for a distance of approximately 200 feet and the only reason we can attribúte this accident to is the fact that defendant’s driver was going at an excessive' rate of speed and that he did not have his 'truck undér proper control and that he did'not see that which he should have seen in time to avoid the accident. We do not find in this record where the driver of plaintiff’s vehicle made a sudden stop, but to the contrary came to a gradual stop aftér giving a hand signal. We therefore, think that the proximate cause of this accident was' the sole negligence of defendant’s driver.
For. the above and foregoing reasons,'the judgment appealed from is affirmed.
Judgment affirmed.