TATE, Judge.
This personal injury suit arises from a rear-end collision. While driving his Dodge automobile southerly, plaintiff Beard ran into the rear of a large truck owned by defendant A. R. Blossman, Inc. This company, its liability insurer, and the liability insurer of a State Department of Highways automobile parked on the road immediately in front of the Blossman truck at the time of the accident, were made co-defendants. This appeal is from dismissal of plaintiff’s suit after trial. Plaintiff’s wife, Mrs. Myrtis F. Beard, a passenger in his vehicle, brought suit for her personal injuries sustained in a companion suit, 94 So.2d 89.
The accident occurred shortly after dusk on March 14, 1954, on State Highway 34, three miles north of Franklinton. The rear wheels of the State automobile, a Ford, had suddenly locked. The driver had unsuccessfully attempted to move the vehicle off the highway. The Ford stopped immovably at a place where the shoulders were only three feet wide, and although the driver had drawn onto the shoulder, the major portion of the State vehicle, facing south, was parked protruding into the southbound lane of the blacktop highway, which at the point of the accident was 18' in width. The protruding Ford left room for only one car at a time to go past it on the highway. At the time of the acci *88 dent, the driver had gone to Franklinton to get a wrecker, experiencing some difficulty in locating one because it was Sunday and most trade places were closed; and in fact he did not return until several minutes after the collision
Immediately before the accident, a large southbound Blossman tank-truck had come according to its driver to a slow stop in back of the protruding parked vehicle. The large rear taillights and various clearance lights were lit and clearly visible, according to the testimony of all witnesses. (Plaintiff and his wife, an elderly couple in their late sixties, were unable to testify as to the events immediately surrounding the accident due to amnesia thereto resulting from the shock of the accident.)
Smith, the driver of a northbound car coming from the opposite direction with the town policeman to investigate a report of the car blocking the highway, slowed to a stop 75'-100' south of the parked car to estimate whether the Blossman truck (which had just stopped) was going to proceed past the obstacle of the parked car; then (on perceiving that the truck deferred to Smith’s passage) had continued past the protruding car, past the Blossman truck which was about SO' behind same, and had crossed plaintiff’s oncoming car about 75' further behind the Blossman truck. Smith testified that plaintiff’s car lights were on bright, that it was approaching at 45-50 mph, and that his own lights were on dim. Smith had gone approximately 50 feet further when he heard the crash
It is virtually conceded that the Bloss-man truck was free from negligence. It was clearly lit with at least four large rear lights, some of them red, and by clearance lights, and in addition the directional signal indicating the driver’s intention to pull out to the left was on. There was no sudden stop in plaintiff’s immediate path. Both the Blossman driver and Smith estimated their pause to decide whether the other was going to proceed past the parked car as lasting about thirty seconds, showing the lapse of time before plaintiff’s car appeared on the scene.
Plaintiff’s principal argument is that the codefendant liability insurer of the State car is liable, since the negligence of the driver of the State vehicle in leaving his Ford unattended blocking a travelled State highway at least contributed to the subsequent accident; that the driver left it an unreasonably long time on the highway; and that the leaving it with taillights was an unsufficient warning to oncoming traffic.
But conceding arguendo that the driver of the State vehicle was negligent in leaving the disabled Ford unattended protruding onto the highway, such negligence was not a proximate cause of this accident.
The Blossman truck had perceived the lighted taillights of the parked vehicle in time to come to a slow stop from a speed of 40 mph, terminating approximately 50 feet to the rear of said vehicle; and had paused approximately 30 seconds permitting the oncoming Smith vehicle to pass in the other lane. The Smith vehicle had proceeded about 125 feet further north past the truck (crossing plaintiff’s car as it approached at 40-50 mph 75' behind the stopped truck) before the actual collision occurred. Whether the State vehicle had just stopped on the highway a few seconds before the accident, or several hours, such parking was not a contributory proximate cause of the accident.
Southbound traffic such as plaintiff had an unobstructed view of the site of the accident for at least the 900 feet of straight highway immediately north of the scene of the accident.
Under the facts and circumstances of this case, the District Court correctly found that the sole proximate cause of this accident was plaintiff Beard’s lack of lookout and control and heedless approach towards and into the well-lighted rear of the Blossman truck. August v. Delta Fire & Cas. *89 Co., La.App. 1 Cir., 79 So.2d 114; Mellow Joy Coffee Co. v. Continental Cas. Co., La. App. 1 Cir., 63 So.2d 888; McDaniel v. Capitol Transport Co., La.App. 1 Cir., 35 So.2d 38.
For the above and foregoing reasons the judgment of the District Court is affirmed.
Affirmed.