94 So.2d 901 (1957)
Ernest CORMIER, Plaintiff-Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al., Defendants-Appellees.
No. 4409.
Court of Appeal of Louisiana, First Circuit.
May 2, 1957.
*902 Babineaux & Huval, Lafayette, for appellant.
Garland, DeJean & LaHaye, Opelousas, for appellee Raoul Credeur.
Edgar G. Mouton, Lafayette, for remaining appellees.
TATE, Judge.
Shortly after dusk on February 13, 1955, a 1949 Ford car owned by Aaron Castille and driven by his brother Carroll Castille struck Ernest Cormier's tractor. As a result of this accident, two suits were filed: The present is by Cormier principally against the Southern Farm Bureau Casualty Insurance Company, the liability insurer of the Castille car. Subsequently this company as collision insurer of the Castille car (joined by its insured for the unsubrogated portion of the property damage) filed suit against Cormier for the property damage sustained by the Castille car, this second suit being reported at La.App., 94 So.2d 904. Made co-defendant in both suits was Raoul Credeur, the owner and operator of a car which immediately prior to the accident had been pulled from a ditch by Cormier's tractor.
The District Court absolved Credeur of any actionable negligence and found that the collision had been caused by the joint negligence of both Cormier and Carroll Castille. Recovery was therefore denied in both suits.
The place of the accident was the gravelled rural Louisiana Highway 528 three miles from Scott in Lafayette Parish. This highway is 18' in width, sloping directly into a ditch, without shoulders. The highway runs north-south in direction. The highway is straight and level and unobstructed for approximately 2½ miles south of the place of the accident. Visibility was unobstructed by dust or otherwise at the time.
From the virtually uncontradicted testimony, the District Court found the following facts:
*903 Sometime prior to the accident Credeur had gone into the ditch and, shortly before the accident, had been pulled therefrom by Cormier's tractor.
Credeur's car, heading north, was pulled from its right (the east) ditch by Cormier's tractor, the latter headed in a southerly direction. The tractor lights were lit throughout. Credeur's head and tail lights were put on when his car was pulled back onto the road. A bystander, Miller, unhooked the chain by which the car had been dragged from the ditch, and Credeur then drew up northward approximately 30', headed north. Plaintiff Cormier then drove his tractor from the east lane of the highway onto the west lane, reserved for southbound traffic such as himself, and had before the accident drawn up at an angle (pointing southwesterly) with his right wheel touching the west ditch, his tractor entirely out of the east lane.
It was at that time that Miller yelled to Cormier to watch out for the Castille car, which Miller estimated to be 300' distant and approaching in the east lane at 60 mph. Cormier immediately jumped from the tractor, sustaining a back strain, while Miller flagged the oncoming Castille car, then himself got off the road when he saw the Castille car swerving and zigzagging across the road toward the tractor after Castille's brakes were applied about 100' before the impact. Castille's car collided with the left front wheel of the tractor, pushing the latter vehicle into the ditch.
The Credeur car had been dragged from the ditch approximately one minute before the collision.
Carroll Castille, the driver of defendant's automobile, admitted to a speed of approximately 50 mph before the accident and that he saw the tail lights of the Credeur car as he approached. He testified that he did not see the tractor lights due to their angle heading toward the field on his left-hand side of the highway, but the effect of this testimony is somewhat lessened by the allegation in Southern Farm's petition (Article 5) that prior to the accident Castille "became aware of the lights of the tractor of Ernest Comeaux Cormier entering his lane of traffic" and thereupon he veered into the opposing lane of traffic; as well as by the positive testimony that the tractor lights were lit.
As the District Court found, under the circumstances of this case, Credeur's action in having his car stopped on the travelled portion of the highway in Castille's lane was not negligence which was a proximate cause of the accident. The uncontradicted testimony (even of Castille) was that the tail lights were lit and visible to traffic approaching from the rear. Further, in the absence of shoulders, there was no other place Credeur could have parked the car temporarily after its removal from the ditch. Thus the sole proximate cause of an accident ensuing between the temporarily stopped Credeur vehicle and the oncoming Castille car would be the heedlessness and lack of lookout and control of Castille. Beard v. A. R. Blossman, Inc., La.App. 1 Cir., 94 So.2d 87, August v. Delta Fire & Cas. Co., La.App. 1 Cir., 79 So.2d 114; Mellow Joy Coffee Co. v. Continental Cas. Co., La.App. 1 Cir., 63 So.2d 888. Credeur is, as the District Court found, free of negligence which constituted a proximate cause of this accident.
The present situation is differentiated from such cases as Vowell v. Manufacturers Cas. Ins. Co., 229 La. 798, 86 So.2d 909, and Dodge v. Bituminous Cas. Corp., 214 La. 1031, 39 So.2d 720 (relied upon by Castille's insurer), where the parked vehicles were left unlit and so as to create a hazard upon the highway under circumstances where reasonably prudent oncoming drivers might be expected to fail to perceive the dangerous obstacle in their path.
Finding that Cormier on his tractor saw the Castille car approaching from the north just after having pulled the Credeur car from the ditch, and that Cormier had then moved his tractor to the west side of *904 the road facing southwest, the District Court felt that in thus stopping his tractor in the immediate vicinity of the stopped Credeur car (which had moved approximately 30' north of him) with knowledge that a car was approaching, Cormier knew or should have known of the impending danger and was therefore guilty of contributory negligence so as to bar his own recovery. We think in this respect the able District Court fell into error, for we do not believe that plaintiff Cormier was under any duty to expect the oncoming motorist to be so deficient in lookout and control as was Castille as to cross over and strike Cormier on the latter's own side of the highway. Cf., August v. Delta Fire & Cas. Co., La. App. 1 Cir., 79 So.2d 114.
Further, it does not appear that called to the attention of the able trial court was the legal doctrine that "The fact that a collision occurs while a vehicle is being driven on the wrong side of the road places the burden on the driver of such vehicle to show that the accident was not caused by his negligence in driving his vehicle on the wrong side of the highway," Miller v. Hayes, La.App. 1 Cir., 29 So.2d 396, at page 398. Our Supreme Court has recently very strongly reiterated and reaffirmed this rule, Noland v. Liberty Mutual Ins. Co., La., 94 So.2d 671, and Mershon v. Cutrer, La., 95 So.2d 143.
We do not believe that Castille has satisfied the burden placed upon him to prove that his own negligence did not cause this accident which happened when his vehicle struck Cormier's in the latter's lane and on Castille's wrong side of the highway.
Thus we find that the sole proximate cause of the accident was Castille's failure to observe the lighted car in his path in time to slow or to stop, or his failure to slacken his speed and maintain such control of his car as to be able to slow or to stop, in time to avoid the collision.
As to quantum:
Special damages are stipulated at $148.69 ($121.69, tractor repairs; $15, doctor and medicine; $12, extra help).
Plaintiff Cormier sustained a moderate lower back strain, with some muscle spasm but no swelling or bruise, requiring three visits to his physician. The painful condition was completely cured without permanent residual in approximately twelve days. We think an award for these personal injuries of $350 to be in line with awards for temporary injuries in the following cases: Lawton v. Anthony, La.App. 2 Cir., 92 So.2d 747; Palmer v. Fidelity & Cas. Co., La.App. 1 Cir., 91 So.2d 77; Rhymes v. Guidry, La.App. 1 Cir., 84 So.2d 634; Anderson v. Morgan City Canning Co., La.App. Orleans, 73 So.2d 196.
For the above and foregoing reasons, the judgment of the District Court is affirmed insofar as it dismissed plaintiff's suit against Raoul Credeur, but is amended so as to award judgment in favor of plaintiff, Ernest Cormier, and against the co-defendant, Southern Farm Bureau Casualty Insurance Company in the sum of $498.69, together with legal interest from date of judicial demand until paid; all costs of these proceedings to be assessed against the defendant cast.
Affirmed in part; reversed in part.