TATE, Judge.
On June 9, 1956, a DeSoto automobile driven by Mrs. Largent M. Henderson was involved in an accident on U. S. Highway 90 just west (outside) of the city limits of Jennings, Louisiana. By the present suit she and her husband claim damages from (a) defendant Trainer, the driver of a Buick involved in the accident, (b) co-defendant Shewbart, the driver of a Cadillac also involved in the accident, and (c) the latter’s liability insurer.
Plaintiffs appeal from the District Court judgment insofar as it dismissed their suit against Shewbart and his liability insurer. Trainer, who was held solely liable for plaintiffs’ damages, did not appeal from such adverse judgment, and his negligence is not disputed for purposes of this appeal.
The sole issue of this appeal, therefore, concerns whether any negligence on the part of defendant-appellee Shewbart was a contributory cause of the accident, since it is conceded that Mrs. Henderson was herself under the circumstances free of contributory negligence.
The facts preponderantly proved by the record are as follows: Prior to the accident, Mrs. Henderson was travelling westward at a speed of 50 mph. It was or had been drizzling, and the blacktop pavement was damp. Mrs. Henderson’s (the north) lane of traffic was unobstructed until suddenly Trainer’s eastbound Buick skidded broadside into her path from its own (the south) lane. Almost simultaneously the front end of Mrs. Henderson’s vehicle struck the right side of the skidding Trainer Buick. Within a second or so thereafter Trainer’s Buick, now headed due-west and astraddle the mid-line of the *728 highway[1], was struck head-on by defendant-appellee Shewbart’s eastbound Cadillac, which had been following Trainer at a distance of 100-150 feet and a speed of about 40 mph.
Primarily the accident resulted from the protrusion of a parked old model car into Trainer’s south lane approximately 50 feet east of the place of the accident (which automobile was driven off eastward at or immediately after the impact(s).) As the trial court held, however, Trainer’s negligent lookout and control after the presence of the vehicle parked on the highway was disclosed to him by the maneuvers of a preceding vehicle 300 feet in advance of himself constituted a proximate cause of the accident.
Able counsel for plaintiffs-appellants contend that the negligence of defendant-appellee Shewbart also contributed to the accident because: (1) he could have avoided the accident by veering to -the right, instead of applying his brakes — which latter action caused his automobile to skid leftward and protrude partly into the north (Mrs. Henderson’s) lane at the time of his own impact with the Trainer Buick; and (2) under the circumstances of a slippery pavement and a relatively congested highway, he was following the Trainer vehicle too closely (100-150 feet) at his speed of 40 mph, which speed was also allegedly excessive under the circumstances.
Although plaintiffs urge that Shewbart should have veered right instead of applying his brakes, “In determining fault, a common-sense test is to be applied- — that is —how would a reasonably prudent man have acted or what precautions would he have taken if faced with similar conditions and circumstances?”, Brown v. Liberty Mutual Insurance Company, 234 La. 860, 101 So.2d 696, at page 698. Shewbart was approaching at a speed of 40 mph (i. e., 58.4 feet per second) when he was suddenly faced with an accident involving a car 100-150 feet (i. e., at his speed, 2-2i/¿ seconds) in front of him. His action in applying his brakes instantaneously appears to have been that of a reasonably prudent man, even though it caused his car to go into a skid; especially since the Trainer Buick (to which the Henderson vehicle was locked by the force of its impact) was still pivoting back towards his own lane at the time Shewbart applied his brakes.
Although Shewbart’s vehicle veered leftward after he applied the brakes so as to encroach partly into Mrs. Henderson’s lane, we are not called upon to decide the application of the rule that a driver who collides with another car in his wrong lane of traffic is required to exculpate himself from the slightest fault (Rizley v. Cutrer, 232 La. 655, 95 So.2d 139; Noland v. Liberty Mut. Ins. Co., 232 La. 569, 94 So. 2d 671; Cormier v. Southern Farm Bureau Cas. Ins. Co., La.App. 1 Cir., 94 So.2d 901), because even had Shewbart not gone partly over the mid-line of the highway, he still would have collided with the portion of the Trainer automobile which blocked his path within his own lane.
Cited in support of appellant’s contention that under the circumstances the distance Shewbart maintained between himself and the preceding Trainer automobile was deficient and his speed was excessive, is the *729 jurisprudence to the effect that “in trailing •other cars, a motorist must govern his speed •or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping,” McDaniel v. Capitol Transport Co., La.App. 1 Cir., 35 So.2d 38, at page 42.
However, the McDaniel case also notes the qualification that “a following driver should drive at such a speed and maintain such an interval that he can avoid a collision with the leading car under circumstances which should reasonably be anticipated by him,” 35 So.2d 42. (Italic ours.) See also at 35 So.2d 41: “The mere fact that a vehicle is moving in close proximity to a moving vehicle ahead and keeping up with it does not of itself constitute negligence.”
We are unable to say that defendant-appellee’s speed (well within the legal limit) was excessive, nor that at a distance of 100-150' in open country he was following the preceding vehicle too closely, even considering the dampness of the highway surface. His speed and distance were reasonably prudent for hazards of highway traffic reasonably foreseeable under the circumstances, and he could not reasonably he required to anticipate that a motor vehicle collision would occur in his immediate path through the negligence of others and suddenly obstruct his lane. Soudelier v. Johnson, La.App. 1 Cir., 95 So.2d 39; Rhea v. Daigle, La.App. 1 Cir., 72 So.2d 643; cf., Guidry v. Crowther, La.App. 1 Cir., 96 So.2d 71.
The evidence does not support appellant’s ■contention that Shewbart should have observed or anticipated the parking onto the .south lane of the old model car, which so far as the record reveals was completely ■obscured from him by preceding traffic.
For the foregoing reasons, the judgment of the District Court dismissing plaintiff’s suit as against Shewbart and his insurer is affirmed.
Affirmed.

. Although the evidence is conflicting as to whether following the second impact (i. e., that between the Shewbart and Trainer vehicle) all or enough of the south lane was sufficiently unobstructed by the Trainer vehicle as to permit the passage of traffic without the necessity for it to go upon the firm wide (5') shell shoulder, Shewbart’s testimony (accepted by tbe trial court as correct) that immediately prior to such second impact the Trainer automobile was approximately astraddle the center line is corroborated to some extent by Mrs. Henderson’s own testimony that at least part of it probably protruded over said center line at the instant of the second impact.