ELLIS, Judge.
This case was consolidated for the purpose of trial with the case of Ivy Veal v. Audubon Insurance Company, La.App., 114 So.2d 648, this day decided and the facts and conclusion of the court for holding the defendant liable under the doctrine of last clear chance are fully stated therein.
Shirley Mae Brady was a guest passenger in the car being driven by Ivy Veal and was occupying the rear seat. Under the facts in this case she was guilty of no contributory negligence under the well-settled law applicable to the duty of a guest passenger, which requires one occupying that status to warn the driver of danger which one sees or which in the exercise of ordinary care one should see. Further a guest passenger in an automobile may rely to a reasonable extent on the exercise of due care by the driver. See Lorance v. Smith, 173 La. 883, 138 So. 871; Coffey v. Lalanne, La.App., 20 So.2d 614; Clifton v. Dean, La.App., 169 So. 788; Chaney v. Hutches, La.App., 192 So. 556.
Of course, even were this guest passenger contributorily negligent, the defendant would still be liable under the facts and for the reasons set forth by us in the Ivy Veal case based upon the doctrine of the last clear chance.
The only question remaining is the question of quantum. Shirley Mae Brady contends or bases her suit for damages mainly upon the fact that she received a bump on her head, although immediately after the accident she showed no signs or no one saw it. She also complained of headaches to the members of her family and finally visited Dr. Moody who could find nothing wrong with her other than she suffered from a definite eye condition, probably astigmatism and faulty refraction which was not attributable to the accident and he recommended that she go see Dr. Godfrey, an ophthalmologist, which she never did. Dr. Moody saw her on October 29th, approximately three months after the accident. Shirley Mae Brady also stated that she had a stiff hip or leg after the accident although she did not go to any doctor and this is verified by her father and another relative who also testified that she complained of headaches.
There is just not sufficient evidence to even think of increasing this award.
For the foregoing reasons the verdict of the jury and the judgment of the lower court are hereby affirmed.