JONES, Judge.
The demands of this plaintiff arose out of the same accident as did the demands of the plaintiff in the suit of Mrs. Catherine Marchiafava v. Marcile D. Pearce, et al., and for the reasons given therein this court will consider only the question of quantum. The plaintiff in this case seeks an increase in an award of $500 granted to her by the District Court resulting from an injury to the neck which was brought about as a result of the automobile accident.
The record reflects that Miss Strain’s neck did not start hurting her until the next day after the accident and she did not go to a doctor until a week thereafter when, as she said, her neck began hurting her so bad she had to go. She testified that she was suffering from the cervical area of the neck, the upper left of the back and between her shoulder blades. She was treated by Dr. Truluck, a doctor of osteopathy, and made five visits to him, on the dates of November 8, 12, 15, 22 and 29, 1957. She was discharged by this doctor thirty days after he began treating her.
This doctor testified that Miss Strain gave him a history of being hurt on Octo-. ber 27, 1957, and he diagnosed her condition at the time as a cervical or dorsal strain, also whiplash injury. In explanation of his diagnosis, he said there was a certain amount of limited motion of the neck and the upper back and that the muscles in the cervical area were rigid which limited the movement of the head and the neck. He further said that the muscles of the neck were in a degree of spasm. He thought that her condition was mild but acute and explained he meant that in severe cases a person could not move at all while in Miss Strain’s case she was able to move but had limited motion. He testified the treatment he administered to her was corrective manipulative treatment and he explained corrective manipulative treatment as the application of the hands or fingers to muscles to gently stretch them until they relax to a degree so that you can create normal motion or a degree of normal motion. Even though this doctor had discharged her, as heretofore stated, he saw her again on March 18, 1959, at her request, to see how much of her difficulty she still had and he said he found at that time she had very minor trouble which she had been complaining of for some period of time. This minor trouble he explained as slight muscle spasm and slight restriction of motion of the neck and she exhibited slight discomfort.
Dr. Dowell examined Miss Strain on October 17, 1958, about a year after the accident. On this examination, Dr. Dowell found there was a narrowing of the disc space at the level of the fourth cervical vertebra. This could have been contributing to her complaints of pain. He did not find an unusual amount of arthritis in her neck for her age. The witness herself testified she had improved and she did not suffer all the time, that she would go for a period of two months without suffering and then would suffer for a day or two.
It must be borne in mind that this plaintiff had very little medical treatment and she never missed one day of work from the cleaning establishment at which she was *66 employed and, for these reasons, we are of the opinion that her injuries were not very severe and an increase in the award to $1,000 is fair and equitable.
Accordingly, for the reasons stated, the award of the District Court will be increased to $1,000. The judgment of the District Court will be amended by increasing the award to $1,000 and in all other respects it is affirmed. Costs to be paid by defendants.
Amended and affirmed.
HERGET, J., recused.