ELLIS, Judge.
This is a tort action wherein Grover Robertson, his sister, Florence Robertson, and John Henry Turner seek to recover damages for personal injuries sustained as the result of an automobile collision. On or about December 24, 1958, at approximately 1:00 p. m. on Highway 61 in Ken-ner, Louisiana, defendant, Charles J. Geb-bia, operating a 1956 Plymouth insured by defendant, New Amsterdam Casualty Co., struck the rear of a 1956 Chevrolet automobile driven by plaintiff, Grover Robertson. John Henry Turner did not appear for the trial of the matter and judgment was rendered against him. Defendants admitted liability and the only question before the lower court was the extent of damages suffered by plaintiffs.
After trial on the merits, plaintiff, Grover Robertson, was awarded $50 for personal injuries, and Florence Robertson *747 was awarded $100 for personal injuries. Florence Robertson’s demand for damages for alleged anxiety over the health of her child was rejected. From this judgment plaintiffs, Grover Robertson and Florence Robertson, have prosecuted this appeal asking that the judgment of the lower court be amended to increase their awards. Plaintiff, Grover Robertson, testified that his head and neck hurt him as a result of the accident. The record shows that he never stayed in bed, missed any time from his job, or changed his daily routine in any way. Further, he testified that he did not consult a physician nor did he ever take any medicine for his claimed injury. The only treatment for pain consisted of an alcohol rub on the neck on several occasions.
Under the circumstances, there is certainly no evidence that would warrant an increase in this award. See Brady v. Audubon Insurance Co., La.App. 1st Cir. 1959, 114 So.2d 659.
Florence Robertson claims as damages two elements: First, it is alleged that she sustained severe whiplash injuries which resulted in pain in her back, neck and head. Secondly, it is alleged that she suffers and will continue to suffer nervous anxiety over the future well-being of her child as a result of possible prenatal injuries caused by the accident.
At the time of the accident, Florence Robertson was approximately four months pregnant; and for some time prior thereto, she had been receiving treatment at Lallie Kemp Charity Hospital due to her pregnancy. A Caesarean section was performed in May of 1959 and the baby was delivered with no complications. There was no evidence whatsoever that the baby was other than normal at the- time of delivery and at the date of the trial.
From the 14th of December, 1958, until March 30, 1959, some three months, Florence did not obtain medical care for her complaints of injury to her neck. On March 30,' 1959, Florence was examined at Lallie Kemp Charity Hospital ■ and" those records are bare of any indication of injury to the head or neck.
On June 5, 1959, more than five months after the accident, plaintiff was referred to Dr. Howard Hansen, an orthopedic specialist, by her attorney. Dr. Hansen’s diagnosis was'chronic sprain of the lumbor sacral and cervical spine. An examination on July 21, 1959 revealed marked tenderness of the third and fourth cervical vertebrae. At the time of the trial, some years after the accident, Dr. Hansen testified that Florence had greatly improved and should ultimately recover.
On November 16, 1959, Florence was examined by Dr. Charles McVea, a general surgeon, at the .request of defendants. Dr. McVea’s diagnosis was chronic tonsillitis, carious teeth and hypertension.' He was of the opinion that the numerous complaints of Florence were attributable to the above defects rather than any injury to the neck.
An examination of the record reveals that Florence Robertson’s testimony in her own behalf is fraught with inconsistencies.
In the first instance, immediately following the accident Florence was receiving treatment due to her pregnancy and she testified that she had received treatment for injury to her head and neck. However, the Charity Hospital records do' not indicate any complaint or treatment for such an injury and Florence herself later testified that she did not know for what purposes certain medications had been prescribed.
Secondly, despite complaints of ■ severe pain due to injury to her neck, no treatment was ever prescribed or administered for the alleged injury by the medical personnel at the Lallie Kemp Charity Hospital nor by Dr. Howard Hansen, her physician.
Thirdly, Florence Robertson testified that prior to the accident of Decembe.r 24, *748 1958, she never at any time had headaches, but since the accident, she had been suffering from them constantly. However, the record indicates that on November 4, 1956, Florence had been in an accident whereby she sustained a severe concussion and a fracture of the upper leg bone. Certainly, it is difficult to believe that a person sustaining such an injury as previously mentioned would not have headaches and many other ill effects.
Although the lower court did not prepare written reasons for judgment, the fact that only $100 was awarded Florence Robertson for personal injury makes it obvious that he was not convinced that she sustained a whiplash injury of the neck. The fact that no doctor was con-.suited for approximately three months after the accident; that no medications or treatment' were ever prescribed for the alleged complaints; that she was going to a charity hospital for her pregnancy condition and presumably had access to free treatment of her alleged injury to her head, n.eclc and back, considered in the light of her testimony as a whole with its many contradictions, we feel impelled to hold that Florence Robertson has proven no damages in this, regard other than the nominal amount of $100 as awarded by the trial court. See Brady v. Audubon Ins. Co., La.App. 1st Cir.1959, 114 So.2d 659. The cases cited by counsel for plaintiff pertaining to awards in whiplash cases are not apropos for the evidence fails to establish such an injury.
Counsel for plaintiff strongly contends that the lower court was in er-ror in failing to assess damages for mental pain, suffering and anxiety of Florence Robertson over the possibility of injury to her unborn child.
A close examination of the record reveals .that there is no medical evidence to show that the accident complained of had any effect on Florence Robertson’s 'pregnancy or the manner in which she gave 'birth to her child. If worry and anxiety had existed it seems that she would not have waited some three months to obtain medical attention. Further, from the plaintiff’s own testimony it appears that she refused to take the prescribed treatments necessary for herself and the unborn child after once obtaining medical care. From this we are convinced that plaintiff did not carry the burden of proving that she actually suffered anxiety and worry over her unborn child as a result of the accident complained of, and there can be no recovery in this regard.
For the hereinabove reasons, the judgment of the District Court is affirmed.
Affirmed.