MILLER, Judge pro tem.
Bulah Johnson filed this suit for damages arising out of an automobile accident occurring in the City of Baton Rouge, on May 17, 1960. The car in which plaintiff was a guest passenger was rammed from the rear by an automobile owned by defendant, Ann de Frances, driven with her permission by defendant Albert de Frances, and insured by defendant, State Farm Mutual Insurance Company. The District Court awarded judgment for the plaintiff in the amount of $1,526.00 against all defendants in solido. From that judgment plaintiff has appealed to this Court maintaining that the award is inadequate. Defendants have not answered the appeal.
The sole issue is one of quantum.
The plaintiff testified that she was in the left rear seat of her brother’s car when it was hit from the rear. Later in the day her brother took her to Baton Rouge General Hospital where she was treated by her physician Dr. James Lorio, General Practitioner. Dr. Lorio found her “not in acute distress, but she was in moderate to severe discomfort from her neck pain” and he made a specific diagnosis of “cervical strain, low back strain and pregnancy”. He treated her with analgesics and sedation, released her to go home with instructions that she get some rest. Plaintiff spent a total of between one-half to one hour at the hospital. Her neck symptoms were at an end within two weeks according to plaintiff’s testimony, but some low back pain persisted. As of June 7, 1960, three weeks after the accident, Dr. Lorio was of the opinion that plaintiff was sufficiently improved to return to work and he so advised her. As of September 7, 1960, Dr. Lorio was of the opinion that plaintiff was completely recovered from the accidental injury and discharged her. Three weeks after this discharge, plaintiff gave birth to a normal baby.
At the time of the injury plaintiff was working as a “kitchen helper” at a Baton Rouge restaurant earning wages of approximately $46.00 per week. Following the instructions of her physician, plaintiff returned to work on June 8, 1960. She had worked about three hours when she was told by one of the proprietors that she was laid off because she had been away too long and had been replaced with another girl. Plaintiff testified that she left her work after three hours on the job, not because her back was hurting but only because the proprietor had replaced her with another employee. The proprietor’s testimony also made it clear that this replacement was made not because plaintiff was unable to do the work, but simply because she had been off work for three weeks and he had to get someone to replace her. Thus plaintiff’s loss of wages beyond three weeks was due to the fact that plaintiff lost her job as a result of the accident rather than because of her inability to perform the work. Unquestionably, plaintiff is entitled to recover for the loss of the three weeks wages while she could not work. But can she recover for the loss of additional wages, which loss was in turn occasioned by her absence from work while recuperating from the effects of the accident?
This particular problem was first brought out in oral argument, and we do not have the benefit of counsel’s reasoning or authorities on the matter. Plaintiff’s testimony makes it clear that after June 8, 1960, she did not seek other employment either before the birth of the child or afterwards and thus it is obvious that she made no attempt to minimize the damages resulting from the loss of employment. However, considering the fact that plaintiff was in her fifth month of pregnancy, we conclude that any efforts to seek employment prior to the birth of the child would have been useless. Her employer testified that had plaintiff worked regularly, he would have permitted her to work as a kitchen helper until shortly before the baby was due. We conclude that *448 the evidence shows that due to this accident, she lost a total of 16 weeks employment, and is entitled to receive $736.00 for this loss.
On the question of pain and suffering the medical evidence does not indicate that plaintiff suffered any acute distress. That her neck pains'were minor is indicated by the fact that these pains completely disappeared within two weeks. Her back symptoms were also relatively insignificant for her own doctor pronounced her ready to return to work within three weeks after the accident. In view of the fact that she was then in an advanced stage of pregnancy, we conclude that her pain and suffering was relatively minor. For this pain and suffering plaintiff is entitled to $500.00.
It is claimed that plaintiff is entitled to damages for the anxiety which an expectant mother would have for the birth of her child. The only citation of law in appellant’s brief is the case of Nomey v. Great American Indemnity Company, La.App., 121 So.2d 763, where the Court awarded $1,000.00 to a mother for the severe shock caused to her nervous system by the anxiety, fears and worry which she had for fear her child would not be born normal, although there was a normal birth eight days after the accident. In that case it was necessary for plaintiff to spend a night in the hospital because she was in a state of nervous shock: Here, plaintiff remained at the hospital less than an hour. In the Nomey case, supra, plaintiff went through a peroid of intensive anxiety and nervousness, but there is no evidence in the instant case that Bulah Johnson went through a similar period of anxiety. The only evidence bearing upon this question consisted of the following testimony by the plaintiff under direct examination:
“Q. Did you worry that perhaps some damage had been done to the unborn child? A. Yes, I did.
“Q. But these fears were all taken away when you saw your baby? A. Yes.
“Q. Normal baby? A. Normal birth.
“Q. Good baby? A. Yes.”
Although it is natural that a mother should suffer anxiety regarding the possible damage to her unborn child, in the present case there are factors which tend to mitigate or lessen these feelings of anxiety. We think it appropriate to point out that plaintiff was an unmarried mother giving birth to her fourth child within the past four years. Further, the above-quoted testimony is the only evidence bearing upon this important element of damages, and whatever worry and anxiety did exist is largely a matter of speculation. For this worry and anxiety, plaintiff is entitled to recover $200.00.
Plaintiff’s total medical expenses amounted to $86.00 and she is entitled to recover that amount.
For these reasons, this court finds no manifest error in the award of $1,526.00 as damages in the instant case, and the judgment of the district court is affirmed.