BOLIN, Judge.
Plaintiffs, husband and wife, instituted suit against defendant for personal injuries and special damages as a result of an accident on September 26, 1960, in which an automobile, owned by the community and being operated by the wife, was struck from the rear by a trolley owned and operated by the defendant. The lower court awarded the wife the' sum of $2,000 for personal injuries and the husband the sum of $400.76 as special damages. From this judgment, defendant has appealed and plaintiffs have answered the appeal in an effort to have both awards increased to the amounts originally prayed for.
During the trial below, defendant admitted liability, and the only evidence introduced related to quantum. We will, therefore, restrict our opinion to such question, and will first direct our attention to the correctness of the award made to the wife for personal injuries. The undisputed facts show the automobile which Mrs. Sievers was driving was struck a rather severe blow from its rear by defendant’s trolley as she was stopped for a traffic light in the City of Shreveport. As a result of this accident, she was immediately taken to the Schumpert Sanitarium where she was x-rayed and received emergency treatment. An examination of these x-rays revealed *455 Mrs. Sievers had not suffered any broken bones and she was, therefore, given first aid treatment, medication for pain and released from the sanitarium.
Mrs. Sievers, having continued to suffer pain, contacted Dr. Ford J. Macpherson, an orthopedic specialist of Shreveport, on October 5, 1960. Dr. Macpherson made a rather detailed examination and concluded she had received a whiplash injury to her neck and spine. He, accordingly, treated or examined her on October 17, 1960, October 31, 1960, December 2, 1960 and February 28, 1961. During the time she was under his care, he also prescribed physiotherapy treatments which she took under his supervision. He also recommended a cervical collar which she purchased, but apparently used very little because of her contention that it was too painful. Dr. Macpherson finally dismissed his patient with a diagnosis that she had suffered a mild to moderate whiplash injury.
The record also reflects Mrs. Sievers had a uterine fibroid tumor removed by Dr. Wallace Brown, a Shreveport surgeon, on November 18, 1960. While examining Mrs. Sievers and preparing her for this operation, he also noted she had a duodenal ulcer for which he gave her extended treatment. Mrs. Sievers contends that both the tumor and the duodenal ulcer were caused or aggravated by the accident. While no written reasons were assigned for the judgment, the lower court made no allowance for these conditions, having found no causal connection between the accident and the ulcer or tumor. We think the conclusion of the trial judge on this point is amply supported by the evidence. It seems that Mrs. Sievers had been having periodical medical checkups for a period of several years preceding this accident and the tumor in question had béen noted by a physician in Monroe, as well as by Dr. Brown, sometime prior to the automobile accident. Both Dr. Brown and Dr. Macpherson, who were called to testify for plaintiffs, were of the opinion the accident had no connection with either the tumor or the duodenal ulcer. For us to conclude otherwise in view of the record would, in our opinion, constitute purely and simply a speculative and unjustified presumption, totally insufficient to serve as the basis for a judicial conclusion. Payne v. Continental Southern Lines (La.App. 2 Cir., 1961) 135 So.2d 59.
Our appellate courts have had occasion in recent years to review many awards for whiplash injuries. Such judgments have ranged from a nominal amount to a figure greatly in excess of that rendered by the court in the instant case. It is, therefore, quite natural for astute counsel for the litigants herein to contend that such jurisprudence amply supports both a reduction and an increase in the award of the lower court. Numerous such cases have been cited in the excellent briefs filed before us, and we see no useful purpose in setting them forth in this opinion. While it is well recognized that awards made in similar cases should be considered in order to maintain a certain degree of uniformity in our jurisprudence, there can be no definite yardstick applicable to personal injury suits. Wainwright v. Globe Indemnity Co. (La.App. 2 Cir., 1954), 75 So.2d 554; Currie v. Government Employees Insurance Company (La.App. 2 Cir., 1956), 90 So.2d 482, All evidence in this case was presented in open court and the trial judge, therefore, had an opportunity to hear and observe all the witnesses. He was, therefore, in a much better position to arrive at a proper award for the injuries received by Mrs. Sievers than this court, and we are not inclined to reverse his judgment unless same is manifestly in error. Feeling that the award for personal injuries was neither excessive nor inadequate, we, therefore, affirm that portion of the judgment of $2,000 for personal injuries received by her.
Mr. Sievers was awarded the sum of $400.76 for certain expenditures made by him on behalf of the community as a result of the accident to his wife. Counsel for de *456 fendant has conceded in the brief filed before this court that the sum of $383.76 had been established. Counsel for Mr. Sievers, ■on the other hand, contends the award should be increased to include expenses for the surgery and treatment of the tumor and duodenal ulcer. As we have concluded such items had no connection with this accident, it necessarily follows no award can be made for any expenses incurred for their treatment.
Mr. Sievers also contends he is entitled to recover for secretarial services lost by him as a result of his wife’s disability, and for money expended by him for renting an automobile while his was in the garage for approximately 90 days as a result of the accident. While the record does indicate Mrs. Sievers did part time secretarial work for her husband, there has been no financial loss shown to the community as a result of the injuries. In fact, the husband testified he merely performed the work usually done by his wife without any added expenditures. Under these circumstances, the evidence is very speculative as to any financial loss occasioned by the wife’s failure to perform such services. We, therefore, find no error in that portion of the judgment which disallowed the husband recovery for this item.
There seems to be no dispute that Mr. Sievers used his automobile in his business; and that as a result of the accident it was necessary for him to rent another vehicle in order to carry on his occupation as a general insurance agent. He secured a vehicle from a relative under an agreement whereby he would make the monthly mortgage payments on such automobile in the sum of $67.50. He contends he used such vehicle for 60 days which would entitle him to recover a total of $135. However, the evidence convinces us that his automobile could have been repaired in about a week’s time, and the fact that he left it in the garage a longer period would not subject the defendant to a greater liability.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.