KENNON, Judge.
In this suit Thomas C. Marler seeks to recover against Sam F. Carlino and his insurer for injuries and damages resulting from a collision between Marler’s Ford coupe and a gravel truck operated by defendant Carlino. The petition charged that Carlino failed to observe the rules of the road with reference to following, overtaking and passing other automobiles, and in bringing his truck to a sudden stop on the highway without giving proper warning signal.
Defendants in answer admitted the occurrence of the collision between Marler’s Ford coupe and Carlino’s gravel truck, but asserted that same occurred without fault on the part of Caflino, and, in the alternative, in the event Carlino was negligent, pleaded that plaintiff was guilty of contributory negligence in that he failed to observe the road ahead; to heed the warning signals given by Carlino preparatory to bringing his truck to a stop, and in not keeping his vehicle under control sufficient to either stop or turn same to one side in time to avoid striking the rear of the Car-lino truck.
From a judgment of the . District Court rejecting his demands, Marler prosecutes the present appeal.
The accident happened just after noon on a clear day on U. S. Highway 71 a short distance north of the Veteran’s Hospital near Alexandria, Louisiana. . Marler’s coupe, proceeding northward, was passed by Carlino, who continued northward and around a curve in the paved highway, where he was hailed by a friend seeking a ride. Carlino brought his truck to a stop on the right, half of the paved portion of *113 the highway, put the truck in reverse and backed up about ten feet. Looking backward and seeing the Marler Ford coming around the curve, he stopped the backward movement of the truck. Marler continued on the right side of the road until within a few car lengths of the truck, when he observed same and veered to the left. This action was just a moment too late and the right side of his coupe struck the left side of the bed of the Carlino gravel truck.
Plaintiff’s testimony is that he was driving only fifty to seventy-five feet behind the truck at the time it came to a stop. .The truck driver’s testimony is that after he had stopped the truck and began the backward movement, he looked back and Marler was not yet rounding the curve some three hundred and fifty feet in rear of the truck, and that Marler came around the curve after the truck had stopped. The fact that defendant Carlino had completed stopping his truck, had backed same up several feet, had opened the door and was looking hack at the time of the collision, and the fact that the friend hailing him for the ride had had time to walk a number of steps in the direction of the truck before the impact occurred, all corroborate Carlino’s statement that the Marler coupe was not in sight but was still south of the curve a,t the. time the Carlino truck was brought to a stop.
Defendant Carlino was plainly guil-: ty of negligence in stopping his truck on the paved portion of the highway when same was not disabled and there was no valid reason why he could not have driven his vehicle off the pavement and on the. shoulder in order to pick up his prospective passenger.
There is no doubt but that if the road were a straight one, plaintiff would be guilty of contributory negligence in failing to observe the blocked highway 'ahead and turning aside in time to avoid a collision. The legal proposition to be decided is whether an automobile, driver rounding a curve on a principal highway, confronted with the obstacle presented by a negligently parked vehicle one‘hundred to one hun-■ dred ■ twenty yards from the point- in the ‘ curve where the-parked vehicle-first be-comes visible, is -guilty of contributory negligence when he fails to turn aside into the clear left lane, or bring his vehicle to a timely stop.
In the case before .us, the gravel truck which had been negligently stopped on the paved portion of the highway by defendant Carlino was in plain view of plaintiff Marler, as he rounded the curve to the south, for a distance of at least three hundred fifty feet. There was no reason why, if he had been keeping a proper lookout, he could not have turned his car to the left and passed safely around the gravel truck as there was no traffic approaching from1 the north and the left half of the road was completely clear. This negligence of the plaintiff Marler in failing to timely observe and avoid the parked truck ahead was a contributing cause of the accident and, while we find the defendant Carlino guilty of negligence in parking his truck .on the paved portion of the highway, plaintiff’s recovery is barred by his own contributory negligence. '
The judgment appealed from is affirmed, with costs.