79 So.2d 114 (1955)
Wilbert C. AUGUST, Plaintiff-Appellant,
v.
DELTA FIRE & CASUALTY COMPANY, Defendant-Appellee.
No. 3950.
Court of Appeal of Louisiana, First Circuit.
March 25, 1955.
DeBlieux & McKinnis, Baton Rouge, for appellant.
Watson, Blanche, Fridge, Wilson, Posner & Thibaut, Baton Rouge, for appellee.
TATE, Judge.
Plaintiff-appellant August appeals from judgment after trial dismissing his suit for damages of $904.79, allegedly caused through the negligence of defendant's insured in an automobile accident on November 27, 1953.
After dark on that date, at about 7 P.M., plaintiff accompanied by two brothers as passengers was driving east on Greenwell Springs Road in East Baton Rouge Parish, intending to turn left (north) at the Victoria Drive intersection. Being unfamiliar with the neighborhood and missing the inconspicuous street sign, August overshot Victoria Drive and stopped 30 feet beyond (east of) the intersection. The colliding car, a 1952 Ford automobile insured by defendant, was driven by Sheldon Fleniken, 19 years of age, alone in the car. Proceeding down Greenwell Springs Road in the same direction as August, Fleniken crashed into the rear of the latter's car.
At the time and place of the accident, Greenwell Springs Road was blacktopped, 18 feet in width, and straight with no unusual curve or condition impairing visibility. The intersecting Victoria Drive was gravelled. Defendant's witness, City Policeman R. T. Hammack testified that Greenwell Springs Road was not heavily travelled at that time of evening. At the site of the accident the shoulders between the *115 blacktop road and the ditch were, according to Fleniken 2-2½ feet wide, partly covered by grass. The city speed limit at the place of the accident was 45 miles per hour.
August testified as follows: He had come to a gradual full stop, intending to back and turn north into Victoria Drive. Due to a raised trunk lid because of a motor in the trunk, August was unable to see in the rear view mirror if there was oncoming traffic from the rear. He asked his brother, Robert, sitting next to the right window, to look for traffic approaching from the rear. His brother, looking, told August to wait until a car coming from behind passed. A few seconds later Fleniken's car crashed into the rear of August's car.
August's testimony was the same as his report to the investigating city policemen who arrived immediately after the accident, and he was corroborated by his two brothers. In fact, defendant did not offer any evidence contradicting these facts. The three Augusts further testified positively that before the accident no traffic was approaching from the opposite (west) direction.
Fleniken's version of the accident was: He was driving on the Greenwell Springs Road about six car lengths behind an intervening (third) car, which slowed and turned left (north) at Victoria Drive when Fleniken had closed to 1-1½ car lengths of it and slowed to a speed of 35-30 miles per hour. Because of the narrow shoulder on the right (south) and a car approaching from the opposite direction (west), he was unable to avoid crashing into the rear of the August car, which he had not seen before the alleged intervening car turned off. However, defendant's witness, City Policeman J. T. Manning testified that Fleniken had told him immediately after the accident that, going 40 miles per hour, he had crashed into the preceding August automobile because the latter had suddenly stopped in front of him; and Fleniken had failed at that time to mention any intervening automobile to the investigating police officer.
Although Fleniken testified that he did not see the August taillights before the accident, we believe that August's positive testimony that his rear lights were on and in good working order at the time of the accident is corroborated by a witness who had observed them a few minutes before the accident, and also by the testimony of Policeman Manning, who tested the August lights after the accident and found them in good working order (except for the right or outer taillight demolished in the accident). The City Policeman testified that the point of the collision was 30 feet east of the intersection, and that the Fleniken automobile had left skid marks 18 feet in length from the time the brakes were applied until it smashed into the rear of the August vehicle.
The trial court favored us with neither oral nor written reasons for his judgment rejecting the plaintiff's demand, but we have been informed that he denied recovery to plaintiff on the ground that plaintiff was at least contributorily negligent under LSA-R.S. 32:241, subd. A in parking on the travelled portion of the highway at the time of the accident.
There appears little doubt that the negligence of Fleniken, defendant's insured, was at least a proximate cause of the accidente.
Even if there was an intervening third car, by his own testimony Fleniken was between 12-18 feet (1-1½ car lengths) behind it, and going 35 miles per hour (51.1 feet per second). When this alleged intervening car turned left at the intersection, Fleniken was therefore unable to avoid crashing into the August car immediately (not more than 25 feet by his own allegation) past the intersection. Had the August car been going 5 miles per hour, had it been slowing to turn into a driveway, had it been instead a stationery child or a barricade, under Fleniken's own testimony he could not have avoided striking it. He was not proceeding at such speed, nor did he have his car under such control, as to stop within the range of his vision, Dauzat *116 v. Kelone, La.App., 65 So.2d 924; Brothers v. Russell, La.App., 37 So.2d 564; McDaniel v. Capitol Transport Co., Inc., La.App., 1 Cir., 35 So.2d 38, 39.
If, as more probably is the case, there was no intervening car, Fleniken is negligent for the same reasons and also because he did not maintain the lookout which would have indicated the stopped or slowly moving August automobile in the road ahead of him, and enabled him to avoid the accident by stopping, slowing, or swerving. Ledoux v. Beyt, La.App., 1 Cir., 35 So.2d 472.
While, as defendant contends, an automobile should not unnecessarily stop on the travelled portion of the highway, Jenkins v. A. R. Blossman, Inc., La.App., 1 Cir., 60 So.2d 131; Marler v. Carlino, La.App., 50 So.2d 112; to constitute contributory negligence, such stopping must be a proximate cause of the accident, Mellow Joy Coffee Company v. Continental Casualty Company, La.App., 1 Cir., 63 So.2d 888 (allowing recovery to the stopped vehicle under very similar facts). Further, as stated in this latter case, whether stopping on the travelled portion of the highway is negligence depends upon the circumstances of each accident.
We do not feel that August's momentary stopping on the travelled portion of the highway was a proximate cause of this accident, nor in fact do we feel that August violated any duties to following motorists, especially in view of his gradual stop, the small amount of traffic, the narrow shoulder, and the fact that his taillights were burning. He was under no duty to expect the following motorist to be so deficient in lookout and control as was Fleniken.
As far as the quantum is concerned, it is unquestioned that the sum of $404.79 was the cost of repairing the damages caused his car by the insured. While plaintiff sued for an additional $500 for pain and suffering (physical and mental), he received only a few bruises about his lower extremities, suffered three days' soreness, did not go to a doctor, but of course was somewhat frightened and upset by the accident. We feel that the sum of $200 would be adequate compensation for this physical and mental suffering.
For the above reasons, the judgment of the trial court herein dismissing plaintiff's demands is hereby reversed, and judgment herein is rendered in favor of plaintiff, W. C. August, and against defendant, Delta Fire and Casualty Company, in the full and true sum of $604.79, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.
Reversed and rendered.