TATE, Judge.
The facts and legal issues as to liability are discussed in the companion case, Guidry v. Crowther, La.App., 96 So.2d 71, rendered this date. For the reasons stated therein, the District Court correctly held defendant-appellant liable.
Appellant alternatively urges that excessive special damages of $12,739.39 were awarded to plaintiff. Plaintiff appealed from the judgment asking that the award be increased to include certain minor omissions.
There is no substantial dispute as to the sum of $5,600 awarded plaintiff Crowther, as head of the community, for the community’s loss of Mrs. Crowther’s earnings as a legal secretary; except that counsel for appellant correctly points out that through an error of computation an additional month’s salary ($200) was allowed. This item will accordingly be reduced to this extent.
There is likewise no substantial dispute as to most of the heavy medical expenses incurred. Counsel for appellant urges that the sum of $1,773.77 allowed for hospitalization and medical services because of the heart infection in August, 1954, should be disallowed on the ground that this condition was not a proximate consequence of the present accident. For the reasons discussed in Mrs. Fay Shack Crowther’s companion suit, Crowther v. Fenstermaker, La.App., 96 So.2d 91, we cannot sustain this defense. Counsel for appellant urges, correctly in our opinion, that the sum of $1,150 awarded for “future medical expenses” is not supported by the record, since no evidence was produced as to the probable cost of such future medical treatment, the necessity for which also is conjectural. While most probably recovery could have been allowed for the possibility of future medical expense, there is nothing in the present record to justify an amount for such award. The award will accordingly be reduced to omit this amount.
Plaintiff points out that through inadvertence the District Court failed to allow him the sum of $10 per week paid to a maid hired as a result of the disability of Mrs. Crowther caused by the accident, from October 4, 1954, through October 20, 1955. (Tr-232). The evidence is uncon-tradicted as to this loss. The award should be amended to allow plaintiff an additional $540 for this item.
Likewise, plaintiff urges that the District Court failed to allow him recovery for his personal injuries—the bruises of his ankle and knee, cut behind his right ear, and the stiffness and soreness sustained by him as a result of the accident. We feel that an award in the amount of $250 for these personal injuries would be in line with awards for similar injuries. See August v. Delta Fire & Cas. Co., La.App., 1 Cir., 79 So.2d 114.
Thus the award in favor of the plaintiff will be increased in these respects by a total of $790, whereas it is to be decreased in favor of defendant appellant b/ the total sum of $1,350 (see above). There is thus a net decrease in the amount of $560.
For the above and foregoing reasons, the judgment in favor of plaintiff is reduced by the net total sum $560; and as thus amended, is affirmed in all other respects.
Amended and affirmed.
ELLIS, J., dissents.
Rehearing denied; ELLIS, J., dissenting.