AYRES, Judge.
This action in tort results from an automobile collision between plaintiff’s and defendant’s motor vehicles April 15, 1959, on Market Street in the City of Shreveport, wherein plaintiff seeks to recover, of the defendant and his liability insurer, damages for pain and suffering sustained and endured as the result of injuries to his chest, and a whiplash type injury to his neck. These injuries were allegedly caused when plaintiff’s vehicle was struck from the rear by defendant’s vehicle. Special damages for hospital and medical expenses and for loss of wages were also sought.
On trial, there was a finding of defendant’s liability for the accident. Accordingly, plaintiff was awarded special damages in the sum of $514.02 and for pain and suffering in the sum of $750. From this judgment, plaintiff appealed and insists that the award for pain and suffering are insufficient and should be increased. Defendants have neither appealed nor answered plaintiff’s appeal. Hence, the issue of liability is foreclosed and there remains only, for consideration, the issue of the quantum of damages.
The record discloses that plaintiff did not, at the time of the accident, think he was injured. However, by the next evening, he was in such pain he called his physician and made an appointment for the following day. His physician, Dr. Bernard M. Kal-stone, pursuant to the appointment, made an examination which revealed the existence of muscle spasm in the neck. The doctor was of the opinion plaintiff sustained a whiplash type injury to his neck and an injury to his chest. At the time, plaintiff complained of a quivering sensation, accompanied by pain, in his neck, as well as pain in the left anterior chest. Dr. Kalstone hospitalized plaintiff, placed him in cervical traction and under heat treatment for a period of three days, after which plaintiff was permitted to return home. Thereafter, plaintiff continued in traction for two weeks and continued under Dr. *907 Kalstone’s treatment by daily visits to his office. Plaintiff was discharged by the doctor as fully recovered from the effects of the accident by May 8,1959. Plaintiff, however, had returned to work on May 5, 1959, and, for two weeks thereafter, continued in traction during the nights.
From an examination of February 13, 1960, Dr. Willis J. Taylor was of the opinion that ■ plaintiff’s complaints regarding his neck and chest were only subjective in character, that there was no obj ective physical or roentgen evidence of injury, nor was there evidence of disability.
The record further establishes, however, that, on January 19, 1959, almost three months prior to the accident herein involved, plaintiff sustained accidental injuries in a similar manner when his car was struck from the rear while stopped awaiting a change in traffic signals. The injuries therein allegedly sustained, and which constituted a basis for an action instituted in the United States District Court for the Western District of Louisiana, consisted of (1) a herniated intervertebral disc, (2) a contusion of the heart, (3) contusions of the fourth, fifth, and sixth costal cartilages, and (4) a whiplash injury to his neck. Dr. Kalstone treated plaintiff for the injuries sustained in that accident and, incidentally, saw plaintiff only a few hours preceding the accident of April 15, 1959. On the examination made on that occasion and just previous to the accident herein involved, the doctor was of the opinion plaintiff had completely recovered from the injuries sustained to his neck and that the injuries to his chest had moderately improved before the occurrence of the second accident.
Plaintiff no doubt, as we conclude from the testimony, sustained a sprain and strain of the muscles of his neck, diagnosed by Dr. Kalstone as a whiplash injury. Plaintiff also sustained an injury to his chest. From these injuries, the record leaves no doubt but that plaintiff suffered severe pain for at least a few days, and pain and discomfort thereafter during the four or five weeks he was undergoing treatment and in cervical traction. Nevertheless, we can only conclude that the whiplash type injury could only be characterized as mild. Even so, we are of the opinion that the award was inadequate for this type injury and that, due to the pain and suffering over the aforesaid period of time, the award for pain and suffering should be increased by $750.
Accordingly, the judgment appealed is amended by increasing the total award to $2,014.02 and, as amended, the judgment is affirmed at defendants-appellees’ cost.
Amended and affirmed.