YARRUT, Judge.
Defendants-Appellants appeal from a judgment in favor of Plaintiff-Appellee, awarding the latter $765.00 damages, resulting from injuries sustained by him in an automobile accident occurring December 29, 1959, $700.00 of which was for personal injuries and $65.00 medical expense. Plaintiff-Appellee answered the appeal asking or an increase to $25,000.00 for personal injuries..
Defendants-Appellants admit liability but challenge that personal injury award to Plaintiff-Appellee, contending the amount is excessive and should be reduced to $250.-00. The sole question, therefore, is one of quantum.
*225 Plaintiff-Appellee is a City police officer assigned to the K-9 Squad, and his duties require him to operate an automobile. After the injury, he was examined and treated by Dr. D. S. Condie, the Police Department’s medical examiner, who reported on March 7, 1960, as follows:
“According to his history and to the findings on examination, he suffered a whiplash type of injury to his neck. This was evidenced by severe pain in the neck together with muscle spasms and limitations of motion. The usual type of therapy was instituted and consisted of muscle relaxants and diathermy, after X-rays revealed no evidence of fracture hut a deformity of the normal curvature of the cervical spine as a result of muscle spasm. He was seen for the second time on January 4, 1960 and at that time had improved. Further improvement was evidenced on his visits on the 6th, the 8th and on the 11th. However, on the latter date, he did complain of some headache and pain in his neck. He was advised to return on the 13th and showed further improvement and was seen last on January 15, 1960 and advised that at that time there appeared to be no further muscle spasm or other difficulty as a result of the injury. He was asked to wait for one week without treatment, and that if he had no further symptoms he would be discharged. It is to be taken for granted that he has improved since he has not been seen since that date.
“It is to be expected that he will make a complete recovery without any residual as a result of the accident.”
After minor treatment by Dr. Condie, he returned to work within seven days. On September 14, 1960, he went to Dr. Edward T. Haslam for further examination and treatment to his neck, and Dr. Haslam reported, in part, as follows:
“This patient apparently sustained a muscular strain and ligamentous sprain of the neck, this being a better diagnostic term than the so-called “whiplash” by which it is also sometimes known. Review of his x-rays show that there was marked straightening of the cervical lordosis in the first films taken on the 30th of December, 1959, and that this has mostly cleared up except for a little straightening above the C3 level. The spurring encroaching on the foramina in the upper cervical spine noted, certainly pre-existed his accident, but would not necessarily have been symptomatic. He has objective physical findings in his neck and since he has suboccipital tenderness, it is my impression that his headaches are probably on a referred basis from his neck. It is also possible, however, that these are tension headaches.”
In the interval from March 7, 1960, when he was examined by Dr. Condie, and September 14, 1960, when he was examined by Dr. Haslam, he experienced three automobile accidents, namely, January 27, 1960, August 6, 1960, and one after August 6, 1960, exact date unknown, and one subsequent thereto, sometime in February or March, 1961. In addition, when at high school many years before, he suffered a neck injury in a football game. Notwithstanding that police reports were made of these various automobile accidents, Plaintiff-Appellee contends he made no mention of them to Dr. Haslam because he suffered no personal injuries in any of those accidents. This, of course, might leave some doubt that the injury for which the Defendants-Appellants are responsible was aggravated by one of the intervening accidents, and Plaintiff-Appellee’s present suffering results not from the original automobile accident, but those which followed.
We do not think this question is material, in view of the fact it is admitted that Plaintiff-Appellee suffered a whiplash injury, with some pain and suffering, and in good faith returned to work, and is only complaining now of occasional pain and suffering. The award by the District Court of *226 $700.00 is in keeping with the minimum allowed by the jurisprudence for this type of injury. Doyle v. McMahon, La.App., 136 So.2d 89; Townsend v. Maniscalco, La.App., 128 So.2d 906; Elder v. Travelers Indemnity Company, La.App., 125 So.2d 694; Degeyter v. Trahan, La.App., 113 So.2d 808.
For the reasons assigned, the judgment of the District Court is affirmed; Defendants-Appellants to pay all costs in both Courts.
Affirmed.