GLADNEY, Judge.
As a consequence of damages sustained in an automobile collision, plaintiffs Sue Lane Lofton Lagarde and her husband, David L. Lagarde, instituted this action against the defendants, Earl E. Smith and his liability insurer, the Traders & General Insurance Company. Following trial of the case on the merits judgment was rendered sustaining a plea of contributory negligence and rejecting the derpands of plaintiffs. The latter have appealed.
The accident in question occurred March 30, 1961, between 6:45 and 7:00 o’clock P.M., on U. S. Highway 71 approximately two miles south of Coushatta and at the intersection of said highway with Louisiana Highway 784. Rain had previously fallen but had ceased prior to the impact between the two vehicles herein involved. At that time it was, however, not quite dark — a period sometimes referred to as dusk dark. The intersection of the two highways is at the approximate center of a curve in U. S. Highway 71 which extends about 1200 feet. According to the testimony of State Trooper Billy Don Morgan, north of the intersection there was no obstruction to the view and visibility was sufficient to permit a motorist proceeding southward to see a lighted tail light of a preceding vehicle for a distance of at least 500 feet. U. S. Highway 71 at that locale was surfaced with black top and was wet from the rain which had fallen previously.
Sue Lane Lofton, who on June 2, 1961, became the wife of David L. Lagarde, was traveling south on U. S. Highway 71 with the expectation of making a left turn at the intersection and proceeding over Louisiana Highway 784 for a visit with her mother who lived on that road. She testified that as she was nearing the intersection and at a distance therefrom of approximately 200 feet, she signaled her intention to make the left turn by making the proper lefthand turn blinker signal; that she came to a stop at the intersection momentarily in order to permit an oncoming motorist to pass; that she had observed a lighted vehicle following and saw it clearly in her rear view mirror after she stopped; and the Smith automobile collided with the rear of the Volkswagen which she was driving, striking it a blow which propelled it forward approximately 100 feet. The witness further testified that after the accident, Smith told her he had tried to stop, but his brakes did not hold. Leon Eric lies and his wife Dorothy Mae lies were passengers in the Smith automobile and were seated on the front seat with the driver. They were witnesses on behalf of the defendants. Both indicated that Smith was driving at approximately sixty miles per hour. Mrs. lies testified she did not see the Volkswagen before the collision and her husband testified he did not observe its presence until about fifty feet from the point of impact. The testimony of these witnesses was otherwise unimportant. Earl E. Smith did not testify. The failure to secure his version of the accident has some bearing on the outcome of the case. Thus its absence leaves uncontradicted the statement by Mrs. Lagarde that he told her that he tried to stop but his brakes didn’t hold. Furthermore, there is no explanation as to Smith’s failure to sooner observe the car in front of him and why his vehicle could not have been properly controlled in such a manner as to prevent the collision.
The trial court in written reasons for its judgment commented:
“The fact that the plaintiff turned her left turn indicator on only 200 feet before she stopped did not give defendant ample notice of her intention to turn left, in view of his close proximity to her rear * * * ”
*580 The foregoing conclusion, we think, discloses error.
The highway regulatory statute in effect at the time of the accident provided:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.” [R.S. 32:-234, subd. A*]
And also 32:236, subds. A and B thereof ** prescribed that the driver of any vehicle upon a highway of this State before turning, whenever the operation of any other vehicle may be affected by such movement, shall give a signal plainly visible to the driver of such other vehicle of the intention to make such movement. The statute as later revised by Act No. 33 of 1963 § 2 required that the signal by the motorist of intention to make a right or left turn “shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.” Accordingly, before the recent statutory changes the duty owed by a preceding motorist to the following motorist was only:
“ * * * to use the road in the usual way in keeping with the laws of the road, and until he has been made aware of the presence of such rear car by signal or otherwise, he has a right to assume that there is no other vehicle in close proximity in his rear, or, if there is one there, it is under such control as not to interfere with his free use of the road in any lawful manner.” Greer v. Ware, La.App., 187 So. 842, 844.
The recognized principle of law was approved by the Supreme Court in Billiot v. Noble Drilling Corporation, 236 La. 793, 109 So.2d 96, 98 (1959). The observation was made in August v. Delta Fire & Casualty Company, La.App., 79 So.2d 114 (1st Cir.1955).
“While, as defendant contends, an automobile should not unnecessarily stop on the travelled portion of the highway, Jenkins v. A. R. Blossman, Inc., La.App., 1 Cir., 60 So.2d 131; Marler v. Carlino, La.App., 50 So.2d 112; to constitute contributory negligence, such stopping must be a proximate cause of the accident, Mellow Joy Coffee Company v. Continental Casualty Company, La.App., 1 Cir., 63 So.2d 888 (allowing recovery to the stopped vehicle under very similar facts). Further, as stated in this latter case, whether stopping on the travelled portion of the highway is negligence depends upon the circumstances of each accident.” 79 So.2d 114, 116.
The foregoing authorities and others uphold the right of Mrs. Lagarde of momentarily stopping preparatory to executing a left turn due to the presence of an oncoming automobile which blocked her left turning maneuver. We find she gave timely notice to Smith of her intention to make the intersectional turn. Our consideration of this and other pertinent circumstances justifies a finding that Mrs. Lagarde was free from negligence. In our opinion the negligence of Smith in failing to maintain a proper lookout and to keep his automobile under proper control was the sole proximate cause of the accident.
Counsel for appellants has referred us to certain cases as supporting their cause. After reviewing these we find them to be inapposite, either involving a motorist engaged in the act of executing a turning movement, such as McCallum v. Adkerson, La.App., 126 So.2d 835 (2nd Cir. 1961) or involving violations of statutory highway regulations which made it illegal to park upon the traveled portion of a highway. Cases wherein parking was a factor include Smith v. Henry, La.App., 147 So.2d 416 (2nd Cir. 1962); Graham v. Hartford Accident & Indemnity Company, La.App., 159 So.2d 333 (2nd Cir. 1963) and Vowell v. *581 Manufacturing Casualty Company, 229 La. 798, 86 So.2d 909 (1956).
Mrs. Lagarde was hospitalized immediately after the accident at Coushatta and was treated thereafter by Dr. Richard D. Hanna. She remained in the hospital until April 8 in continuous traction. From time to time she was treated with muscle relaxants. Her complaints included soreness over her body especially as to her knees, head, neck region and her abdomen. After leaving the hospital she wore a neck collar for a period of about 5 weeks. However, she returned to work about April 11 and only lost one day from her job as she was on sick leave. As we appreciate her testimony she did not suffer prolonged or acute pain. Dr. Hanna diagnosed her principal ailment as a cervical sprain or whiplash type of injury and which he considered as being mild. After the doctor’s final examination on May 13, 1961, the patient appeared to have no residuals of consequence.
Proof was properly made as to the damages inflicted upon the Volkswagen and by stipulation the amount due the State Farm Mutual Automobile Insurance Company, which has intervened herein, is the sum of $1,100.00. The sum of $100.00 as property damage also should be recovered by Mrs. Lagarde. David Lagarde is entitled to the stipulated sum of $202.19 for medical expenses. As a consequence of the mildness and short duration of the injuries to Mrs. Lagarde, the award of damages for pain and suffering will be fixed at $1,500.00.
In view of our findings as hereinabove set forth, the judgment of the trial court will be annulled, set aside and reversed and judgment rendered as hereinafter set forth:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, David L. Lagarde and against defendants, Earl E. Smith and Traders and General Insurance Company, in solido, in the full sum of $202.19 plus interest thereon from date of judicial demand, and,
It is further ordered that there be judgment in favor of plaintiff, Mrs. Sue Lane Lofton Lagarde and against defendants Earl E. Smith and Traders and General Insurance Company, in solido, in the sum of $1,600.00, plus interest from judicial demand, and,
It is further ordered that there be judgment in favor of intervenor, State Farm Mutual Automobile Insurance Company and against the defendant, Earl E. Smith and Traders and General Insurance Company as stipulated in the amount of $1,100.00, plus interest from judicial demand. Defendants are cast for all costs of this suit

 Now LSA-R.S. 32:81.

 Now LSA-R.S. 32:104.