FRUGÉ, Judge.
The instant suits, No. 1372 and No. 1373, arose out of an automobile accident which occurred within the City of Leesville, Vernon Parish, Louisiana, on June 4, 1962. All plaintiffs were passengers in a 1959 Edsel which was stopped at a stop light when it was struck from the rear by the automobile of defendant, LeRoy Marburger, Jr. Mar-burger’s public liability insurer, Manhattan Fire & Marine Insurance Company, was joined as a party defendant. It was stipulated that there is liability under the policy and therefore the only issue before the trial court was quantum.
At the trial on the merits no testimony was taken. The entire record as to the personal injuries of the plaintiffs consists of written medical reports, clinical and hospital records, and the discovery deposition of the plaintiffs taken by defendants. All of the foregoing was introduced in evidence under a joint stipulation.
In suit No. 1372 the District Court granted judgment for plaintiff, Paul R. Cargile, in the amount of $300.00 for personal injuries and $214.84 for property damage to his automobile. In the same suit Mrs. Nellie Cargile, wife of Paul R. Cargile, was awarded $500.00 for her personal injuries. No special damages were incurred.
In suit No. 1373 the District Court awarded Mrs. Mary Cargile, mother of Paul R. Cargile, $1000.00 for her personal injuries and $117.00 for proven medical expenses. The cases having been consolidated, this court will render separate judgments in the two suits.
*273 Plaintiff, Paul R. Cargile, was apparently the least seriously injured of the three plaintiffs. At the time of the accident he was stationed at Fort Polk, Louisiana, as a military serviceman and for that reason went to the military hospital at Fort Polk for a medical examination after having been injured in the accident. The medical records of that examination, the examination having been made the day after the accident, indicate that Paul R. Cargile suffered a mild cervical sprain in the nature of a whiplash injury. The x-rays taken were negative as to any fractures. After thorough examination plaintiff was allowed to return to light duty and returned to regular duty after three or four days. No medical treatment for the injury was rendered.
On May 24, 1963, Dr. Charles V. Hat-chette, an orthopedic surgeon, examined all three plaintiffs at the request of defendants. As to Paul R. Cargile, Dr. Hatchette’s report shows that he was of the opinion that Mr. Cargile had fully recovered from any injury he might have sustained in the accident. It is noted in the report, however, that Mr. Cargile complained of mild pain in the area above the left trepezius muscle.
Paul R. Cargile testified that the day after the accident he had a severe headache and a soreness which restricted the movement of his neck. At the time of trial plaintiff had returned to his home at Chil-dress, Texas, his tour of active military duty having terminated in August of 1962. He had returned to his regular work of refrigeration repair service. After returning to Texas he made one visit to a physician and one visit to a chiropractor concerning his neck injury.
The trial judge concluded that Mr. Car-gile had incurred only minimal injuries as a result of the accident and therefore awarded only $300.00 for his pain and suffering.
It is well settled that the trial judge has much discretion in fixing the damages to be awarded in a personal injury suit and it is only in cases where that discretion is abused that the appellate courts will amend the trial court’s judgment. Ballard v. National Indemnity Company of Omaha, Nebraska, La., 169 So.2d 64.
Awards as low as $100 have been given in cases involving minor injuries only slightly less severe than that suffered by Mr. Cargile. Tuger v. Audubon Insurance Company, La.App. 1st Cir., 152 So.2d 354; Dowies v. Traders & General Insurance Company, La.App. 3rd Cir., 124 So.2d 610. We can not say that the award of $300 in this case was manifestly inadequate or so low as to be an abuse of discretion.
The clinical records of the Fort Polk hospital show that on July 2, 1962, Mrs. Nellie Cargile was treated for a bladder infection. However, as was correctly stated by the trial judge, there is nothing in the report or the entire record to connect this treatment with the accident. A notation was made on the clinical reports on July 13, 1962 that Mrs. Cargile was complaining of pain in her back. X-rays were taken which disclosed only minimal osteoarthritis of the lumbar spine.
Dr. Hatchette’s report of his examination of Nellie Cargile on May 24, 1963, states that on thorough clinical and x-ray examination he could find no objective reason for her pain in her low back but that he would not deny that the pain may be genuine.
Nellie Cargile testified on discovery deposition that for several days after the accident she was very nervous and upset. She stated that she did not realize there was anything seriously wrong with her until after she got over the nervousness. She stated that after the accident she had substantial pain in her low back and pain to a lesser degree in her neck. The neck pain disappeared within a few weeks but the pain in her low back continued to bother her whenever she engaged in any strenuous activity. Although she did not seek treatment from a physician after returning to *274 her home in Childress, Texas, she did make several visits to a chiropractor whose treatments, she said, gave some relief.
We do not believe the trial judge manifestly erred in awarding Mrs. Cargile $500.00 for her pain and suffering. In the recent case of Ulmer v. Travelers Insurance Company, La.App. 1st Cir., 156 So.2d 98, the court affirmed an award of $500.00 to a woman who had incurred a mild whiplash injury to the neck and contusions of the shoulder and elbow. Mrs. Cargile’s injuries do not appear more serious than the plaintiff in that suit.
Mrs. Mary Cargile, the 72 year old mother of Paul R. Cargile, was the most seriously injured of the three plaintiffs. Immediately after the accident Mrs. Car-gile was taken to the Leesville hospital where her injuries were diagnosed as contusions of the chest and a whiplash injury to the cervical spine. X-ray examinations for fractures or dislocations were negative. The medical report shows that she was hospitalized for four days. It further shows that she was released with a good prognosis for recovery without residual disability.
Dr. Hatchette’s report of his examination on May 24, 1963, states that in his opinion Mrs. Cargile had at that time “made a very good recovery from the soft tissue injuries received in the accident” and that he noticed no residual disability.
Mrs. Mary Cargile testified on deposition that the pain in her neck was at times very severe during the first three or four months following the accident. The pain then gradually diminished but still bothered her to a lesser degree. She stated that she takes pills given to her by her physician when the pain is substantial and the pills relieve the pain.
We find that the trial judge did not abuse his wide discretion in awarding Mrs. Cargile $1,000.00 for her injuries. This court made an award of that amount in the very similar case of Fontenot v. Snow, La.App. 3rd Cir., 149 So.2d 172. There, Mrs. Fontenot was awarded $1,000.00 for her pain and suffering resulting from a moderate cervical sprain or whiplash injury. Mrs. Cargile’s injury does not appear to be as serious as that of the plaintiff who was awarded $1,500.00 in the recent case of Lagarde v. Smith, La.App.2nd Cir., 169 So.2d 578.
Although it may be that each of the awards discussed in this opinion is somewhat low, we believe them to be within the range of discretion vested in the trial court. For the foregoing reasons the judgment in suit No. 1372 is affirmed. Costs of this appeal are assessed to plaintiffs.
Affirmed.