LOTTINGER, Judge.
This is an action in tort arising out of an automobile accident which occurred on March 14, 1964, at the intersection of Louisiana Highway No. 19 and Blount Road in the Parish of East Baton Rouge, Louisiana.
The record indicates that the plaintiff, Mary Lee Anderson, at about noon, was driving a 1962 Pontiac automobile north on Louisiana Highway 19, which is described as being a hard-surfaced, two- lane highway. At the time that the plaintiff was traveling said highway, she was being followed by a 1960 four door Chevrolet sedan being driven by Alma C. Hudson, one of the defendants herein, and owned by Hollis Knighten. As her vehicle approached the intersection of Blount Road, Miss Anderson turned on her blinker signal light, indicating that she was going to turn east or right into Blount Road. As Miss Anderson was about halfway through negotiating the right-hand turn, her vehicle was struck from the rear by the Chevrolet automobile being driven by Alma C. Hudson, and after having been struck by the Hudson vehicle, the rear of the Anderson vehicle swung around into the north or left-hand lane of traffic on Blount Avenue and struck a Buick automobile which was headed in a westerly direction and was stopped at the stop sign on Blount Road, waiting for an opportunity to cross *662 La. Highway No. 19. After striking the Buick automobile, the Anderson vehicle proceeded a short distance in an easterly direction down Blount Road, and finally came to rest in a ditch on the right or south side of Blount Road.
Thereafter, Miss Anderson instituted this suit and in her petition set forth the details surrounding the accident; alleged that the collision was solely and proximately caused by the negligence of the defendant Alma C. Hudson; alleged that she had sustained serious bodily injury consisting of bruises, abrasions and contusions on or about her body and also severe strains to the muscles of her neck and back. Her petition further set forth that neither the driver of the Chevrolet, Alma C. Hudson, nor the owner thereof, Hollis Knighten, had any liability insurance. The petition further alleged that the Pontiac automobile which Miss Anderson was driving was owned by her father, who had in full force and effect, on the date of the accident, a policy of public liability insurance with the defendant, New York Fire and Marine Underwriters, Inc., which said policy contained family protection coverage or “uninsured motorists” coverage, and further alleged that the coverage afforded by said policy inure to the benefit of the petitioner.
New York Fire and Marine 'Underwriters, Inc. filed an answer wherein they admitted the existence of the policy of insurance, but denied all of Miss Anderson’s allegations relative to negligence. They alternatively pleaded contributory negligence on the part of the plaintiff, alleging in substance that she had attempted to make her turn without giving ample notice and warning of same. Alma C. Hudson, through her counsel, likewise filed a general denial which contained an alternative plea of contributory negligence.
After a trial on the merits, the Trial Judge rendered judgment in favor of Miss Anderson and against Alma C. Hudson and New York Fire and Marine Underwriters, Inc., in solido, in the amount of $1328.94, of which sum $1,250.00 represented the quantum of damages for the injuries suffered by Miss Anderson in the accident, and the balance of which is attributable to medical expenses incurred by Miss Anderson. From this judgment both defendants suspensively appealed to this Court. Although New York Fire and Marine Underwriters, Inc. and Alma C. Hudson were not represented by the same counsel in the Trial Court, they were in fact represented by the same counsel in this appeal.
In his brief, counsel for appellants makes the statement that the defendants at no time seriously disputed the question of liability, and that therefore this appeal is concerned with and is limited solely to the correctness of the quantum of damages awarded to the plaintiff by the Trial Judge. We need only mention here that our examination of the record convinces us that the sole proximate cause of the accident was the negligence of the defendant, Alma C. Hudson, and that the plaintiff, Mary Lee Anderson, was in no way contributorily negligent.
With reference to the correctness of the quantum of damages awarded by the Trial Judge to the plaintiff, let us review the testimony with reference to Miss Anderson’s injuries. Miss Anderson testified that at the time of the accident, she was a 22 year old student teacher and that immediately after the accident, she thought she had injured her back and shoulders, and that the back of her neck was sore. She said that every time she turned her head it felt like she had a crook in her neck, and that if she turned her head any distance at all it would hurt and pull. She testified that even at the time of the trial, April 1, 1965, on occasion if she sat down to the typewriter and typed, she is still bothered with her injury. She noticed that the back of her neck becomes quite sore and there is a pain going from the base of her neck down and spreading across her shoulders. She testified that on the date of the accident she went to Lane Memorial Hospital and there was *663 treated by Dr. Bonck, and that he treated 'her from the date of the accident, March 14, 1964, until June 3, 1964, at which time “he released her. Her testimony at the trial indicated that on certain days she still ■experiences pain in her back, shoulders and meek, for which she takes non-prescription pain medication. Miss Anderson apparently lost only one or two days of school .as a result of the accident, but did have to limit her activities in certain things, such as physical education, both by reason of the fact that she had been advised to avoid strenuous physical activities by Dr. Bonck, and because of the fact that whenever she leaned over she would become dizzy and would have pain in her neck. She did testify however that as the date of the trial, the limitation of motion which she had initially experienced in her neck was getting better, although it did still bother her to some ex-lent.
Miss Anderson’s physician, Dr. Bonck, ■who is a general practitioner, testified that he had treated Miss Anderson on the date ■of the accident in the emergency room at Lane Memorial Hospital and that Miss Anderson had related to him that she had “been in an accident and that she complained •of pain in the back of her neck. Dr. Bonck found that she had no limitation of motion, -that there was no marked muscle spasm, but that Miss Anderson did complain of rather marked tenderness over the entire area “back of her neck. He said that at the time, he diagnosed her ailment as a cervical ligament strain, which he said is basically the same as, or is the same as what is commonly known as a whiplash. Some two days later Dr. Bonck made x-rays of Miss Anderson which did reveal that she had a fairly good range of motion and that there was no evidence of bone abnormality such as fracture ■or degenerative or arthritic changes. Dr. Bonck saw Miss Anderson again on March 18, 1964, at which time his findings were essentially the same as before, except that there was marked tenderness over the entire posterior neck musculature as well as some tenderness in the muscle groups which begin at the junction of the shoulder bone, clavicle and sternum, and then hooks on to the back of the skull. He testified that this muscle group is frequently involved in a whiplash type injury. At that date he also found considerable tenderness over the trapezius muscle, which covers most of the back of the neck and the upper portion of the back. On that date he did not find any muscle spasm, found that Miss Anderson still had a very good range of motion, but that she did complain of considerable pain on full hyperextension and flexion of her neck, as well as in rotation of her head from one side to the other.
Dr. Bonck later saw Miss Anderson on March 23, on April 10, on April 23 and on May 21. On the visit of May 21, Miss Anderson related to him that she had been relatively free of symptoms for approximately a week but that she had been doing some typing the night before the visit with her neck somewhat bent down and she had had an increase in her pain. He stated that on this visit of May 21, her findings had not changed, and that they were mostly subjective pain. She returned to Dr. Bonck two weeks after the visit of May 21, and that at that time he found her to be essentially without any complaints except that on full extension of the back of her neck, she did have a slight pain. On this date, Dr. Bonck released Miss Anderson.
When asked whether he would categorize Miss Anderson’s whiplash injury as being mild, moderate, or severe, Dr. Bonck said the injury was moderate.
Our review of the medical testimony as well as the testimony of Miss Anderson herself, leads us to believe that the doctor’s characterization of the injury as one of a moderate character is correct. Miss Anderson was never hospitalized, only missed one or two days of school, and was ambulatory throughout the entire recovery. Dr. Bonck did not consider the injury gerious enough to obtain a consultation with an orthopedist.
*664 Counsel for appellant cites the case of Ballard v. National Indemnity Company of Omaha, Neb. 246 La. 963, 169 So.2d 64, wherein the Supreme Court affirmed a reduction by the Court of Appeal to $750.00 of the damages awarded a plaintiff who was suffering from a whiplash injury, as authority for reduction of the quantum of damages awarded by the Trial Judge in this matter. It is urged that the plaintiff in that case was suffering from a mild whiplash injury, and that the condition existed much longer than that of the plaintiff in the instant case. In the Ballard case, Mrs. Ballard saw a physician who told her that she had a whiplash injury, who applied an electric vibrator to her neck, and prescribed no medication. Mrs. Ballard related that she had suffered no pain at the time of the impact, only numbness, and later soreness of the neck which lasted four or five days. In addition she complained of having headaches off and on for about a month. We believe that the injuries sustained by Miss Anderson in this case are considerably more serious than those suffered by Mrs. Ballard.
Counsel for appellate likewise cites the case of Cargile, et ux v. Manhattan Fire and Marine Insurance Company, et al., La.App., 173 So.2d 272. There were three persons injured in that suit and three awards which were being appealed. The one which we believe relates most closely to this case is that portion of the opinion dealing with Mrs. Mary Cargile, who was 72 years old at the time of the accident. Immediately after the accident she was taken to the hospital where her injuries were diagnosed as contusions of the chest and a whiplash injury of the cervical spine. X-ray examinations for fractures or dislocations were negative, and the medical report shows that she was hospitalized for four days and thereafter released with a good prognosis for recovery without residual disability. In her deposition, Mrs. Car-gile testified that the pain in her neck was at times very severe during the first three or four months following the accident and it thereafter diminished. The Trial Court awarded Mrs. Cargile the sum of $1,000.00 for her injuries, and the Court of Appeal, Third Circuit, affirmed the Trial Judge. We note that at the trial on the merits in that matter no testimony was taken, and the entire record as to personal injuries of the plaintiffs consisted of written medical reports, clinical and hospital records, and the discovery depositions of the plaintiffs taken by the defendants, all of which was introduced into evidence under a joint stipulation. We also note that in the last paragraph of its opinion, the Court makes the following statement :
“Although it may be that each of the awards discussed in this opinion is somewhat low, we believe them to be within the range of discretion vested in the trial court.”
In Ballard v. National Indemnity Company of Omaha, Neb., supra the Supreme Court said:
“On appeal, if the appellate court affirms the lower court and quantum is the issue, the court should then review all the facts and circumstances on, which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the 'much discretion’ vested in the trial court in assessing damages. After a review of all the facts and circumstances, that the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants. Strictly speaking, in the review of the damage assessment the general evidential rules of preponderance of evidence or manifest error are not pertinent and are without application, since the only question is whether the lower court has abused its discretion in assessing the damages.”
Having reviewed the facts and circumstances on which the Trial Court based its *665 quantum of award, we do not find that there has been an abuse of the “much discretion” vested in the Trial Court in assessing damages.
Accordingly, the judgment of the Trial Court is affirmed at appellants’ cost.
Judgment affirmed.