BAILES, Judge.
This is an action to recover damages, both general and special, sustained by the plaintiff when his automobile was struck in the rear by a truck operated by defendant, Leo L. Colligan, Jr. At the time plaintiff was run into by the truck he was stopped on Louisiana Highway 1 at its junction with U. S. Highway 190 at the west end of the Mississippi River bridge in west Baton Rouge Parish. Plaintiff was required to stop because of oncoming traffic traveling east on Highway 190. This accident occurred at about 9 o’clock on the night of July 17, 1964.
Plaintiff was driving his 1956 Plymouth sedan, and defendant, Leo L. Colligan, Jr., was driving an International truck owned by defendant, Baton Rouge Wholesale Drug Company, Inc. Defendant’s truck was insured by Milwaukee Insurance Company of Milwaukee, Wisconsin, also named a defendant in this lawsuit.
Plaintiff proved special damages of $268.76, consisting of medical expenses in the amount of $108.93, and damages to his vehicle of $159.83. The trial court awarded plaintiff $2,000 in general damages, or judgment in the total sum of $2,268.76. Defendants, aggrieved by this judgment, appeal. Plaintiff answered the appeal, urging this court to increase the award of general damages to $3,000.
The only specification of error assigned by defendants to the judgment appealed from is that the trial court abused its discretion in making an excessive award to the plaintiff. On the other hand, plaintiff urges us that the award is inadequate to justly compensate plaintiff for his injuries. From the respective contentions of the parties, it is obvious neither one is questioning the correctness of the award for special damages, and the defendants are not now contesting liability.
On the morning following this accident, the plaintiff consulted his physician with complaints of pain in his neck, and his physician found (subjectively) soreness to palpation and tenderness on movement, and he diagnosed plaintiff’s injury as a whiplash of moderate severity. X-rays were taken which revealed no evidence of bony abnormality or joint disease. The doctor testified that he saw plaintiff again on July 21, August 3, and the last time on September 21, 1964. As late as the date of the last visit to the doctor, plaintiff was continuing to complain of pain and soreness in his neck. At this time further x-ray studies were made which also revealed no pathology of the subject area. Plaintiff sought no further medical assistance. The plaintiff was not hospitalized, was not, at *416 any time, confined to his bed because of these injuries, no traction of any kind was required, and lost no time from his business, althortgh for a short time he did not perform all of his regular duties. The doctor testified that in his opinion plaintiff was totally disabled for a period of six weeks, however we note no claim was made for loss of earnings or for the expense of hiring additional help in the operation of plaintiff’s business.
Plaintiff urges this court that under the ruling of the court in Ballard v. National Indemnity Company of Omaha, Nebraska, (1964) 246 La. 963, 169 So.2d 64, the award of the trial court should not be disturbed unless it abused its discretion in assessing the damages. From our appreciation of the testimony, as a whole, of the plaintiff and his only medical witness, we are of the opinion the award is excessive. We believe an award of $1300 will do substantial justice between the parties.
The plaintiff cites the cases of Attaya v. Zeinmerle (La.App.1955) 83 So.2d 676, Hickman v. Bawcom (La.App.1963) 149 So.2d 178, Dillworth v. Roberts (1962) 138 So.2d 453, Doyle v. McMahon (La.App.1962) 136 So.2d 89, Townsend v. Maniscalco (La.App.1961) 128 So.2d 906, and Benoit v. Commercial Casualty Insurance Company (La.App.1955) 79 So.2d 647, in support of an award of $3000. He argues the award of $2000 is entirely inadequate under the evidence of this case. Conversely, the defendant urges us that the trial court abused the “much discretion” it has when the award of $2000 was made. Defendant •cites us to Anderson v. Hudson (La.App.1966) 183 So.2d 661, and Robinson v. American Home Assurance Company (La.App.1966) 183 So.2d 77.
While we certainly subscribe to the •concept that other cases, previously decid•ed are of value as guides in assessing the •adequacy or inadequacy of an award, these ■prior decisions- are in no wise controlling of the particular case before the court for determination.
Therefore, for the foregoing reasons, the judgment appealed from is reduced from the amount of $2,268.76 to the sum of $1568.76, and in all other respects it is affirmed. Cost of this appeal to be paid by plaintiff.
Amended and affirmed.