YARRUT, Judge.
This suit arose out of a collision between a New Orleans Public Service bus, driven by Harold L. Hirsch, Sr., and an automobile driven by Otis Hall, at the intersection of O’Keefe Avenue and Carondelet Street, in New Orleans, at about 4:30 P. M., March 1, 1966. Plaintiffs are Mr. Hall and his guest passengers, James Holmes and Charlie Varnado. Defendants are New Orleans Public Service, Inc. and Mr. Hirsch.
It is undisputed that, as Mr. Hirsch drove away from the curb at the bus stop, his bus hit the Hall vehicle’s left rear door and fender, in the Hall vehicle’s lane of traffic. As liability is admitted, the only question on appeal is quantum.
The case was tried before a jury, which awarded Mr. Hall $500.00, Mr. Holmes $750.00, and Mr. Varnado $600.00. Plaintiffs have taken this appeal for an increase in the awards.
All Plaintiffs prayed for loss of wages, but did not produce sufficient proof. Only Mr. Holmes produced an income tax return for the year 1966; hence we cannot compare his earnings for 1966 with previous years, and no award can be allowed for lost earnings.
The principal contention on appeal is for an increase in the awards for pain and suffering. The treating physician for all Plaintiffs was Dr. Blaise Salatich, an orthopedic surgeon. He testified Mr. Holmes had suffered a whiplash injury, marked with muscle spasms, together with contusions of the face and head, and a mild cerebral concussion; that he treated Mr. Holmes for approximately one and a half months, during which time Mr. Holmes was given nine diathermy treatments.
Dr. Salatich diagnosed Mr. Hall’s injuries as a mild lumbosacral strain, also marked by muscle spasms, and a contusion of the right knee. He treated Mr. Hall over a period of approximately two months, during which time Mr. Hall underwent thirteen diathermy treatments.
Mr. Varnado received nineteen diathermy treatments over a period of eight and a *170 half months, but more than half of these were administered in the two months after the accident. Dr. Salatich’s diagnosis was that Mr. Varnado had a moderate lumbo-sacral sprain, with a flattened lordotic curve, due to muscle spasm, which he explained is a defect in the lower spine, a condition which usually corrects itself with time.
The jury awards were made in globo, hence we must subtract the special damages from the entire award to determine the amount allowed for pain and suffering.
Mr. Holmes’ special damages included $25.00 for x-rays and $60.00 for Dr. Sala-tich’s treatment, which leaves $665.00 for pain and suffering.
Mr. Hall’s special damages were $40.00 for x-rays, $135.00 for Dr. Salatich’s treatment, and $205.00 for automobile repairs, leaving $120.00 for pain and suffering. There is some dispute regarding this breakdown because the $205.00 represents an estimate of damage to Mr. Hall’s automobile made one year after the accident occurred. However, Mr. Hall testified that he did not have his automobile repaired, and that he had not been in an accident between the accident in the instant case and the time of the trial. Further, 'he produced photographs taken one or two days after the accident, which show the extent of the damage to be such that a $205.00 estimate would not be unreasonable. Therefore, as concluded above, he was only allowed $120.00 for pain and suffering.
Mr. Varnado’s expenses were $25.00 for x-rays, and $105.00 for Dr. Salatich’s treatment, which makes his award for pain and suffering $470.00.
The only other physician to examine Plaintiffs was Dr. Irving Redler, who saw Plaintiffs more than a year after the accident. Dr. Redler’s tests were all negative. However, Plaintiffs had all been discharged by Dr. Salatich, and admittedly suffered no residuals at the time of Dr. Redler’s examination.
We conclude that each Plaintiff should be allowed the same amount for pain and suffering. Even though Mr. Varnado did undergo somewhat longer treatment than the other two Plaintiffs, he did not, as did Mr. Holmes, suffer contusions of the head and face, together with cerebral concussion; nor did he suffer a knee injury as did Mr. Hall. We also find that the awards for pain and suffering are inadequate. Awards in similar cases have ranged from $1000.00 to $1500.00.
Slocum v. American Casualty Insurance Company, La.App., 189 So.2d 299; Launey v. Smith, La.App., 192 So.2d 154; Brown v. Yellow Cab Company of Shreveport, La.App., 94 So.2d 573; Hernandez v. State Farm Mutual Automobile Insurance Co., La.App., 128 So.2d 833; Schaubhut v. Liberty Mutual Insurance Company, La. App., 157 So.2d 346; Thomas v. Paper Haulers, Inc., La.App., 165 So.2d 61; Winfree v. Consolidated Underwriters, 246 La. 981, 169 So.2d 71; Degeyter v. Trahan, La.App., 113 So.2d 808; Batts v. Travelers Insurance Company, La.App., 155 So.2d 98; Rusk v. Allstate Insurance Company, La. App., 167 So.2d 205; Miller v. Central Mutual Insurance Company, La.App., 174 So.2d- 280; Anderson v. Hudson, La.App., 183 So.2d 661.
Under all the circumstances, we increase the award for pain and suffering to $1000.00 per Plaintiff. In conclhding that the awards for pain and suffering are inadequate, we are cognizant of the rule that each case must be decided on the facts and circumstances concerning the particular injuries involved. Awards in similar cases are relevant solely to determine whether the trial judges and juries are either excessive or inadequate to constitute their allowances an abuse of discretion.
Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity *171 Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.
In determining the awards here for pain and suffering, we must rely primarily on the facts of this case, particularly the severity of the injuries and the nature and length of the treatments.
Therefore, the judgment is amended to award Mr. Holmes $1085.00, Mr. Hall $1380.00, and Mr. Varnado $1130.00. As amended, the judgment is affirmed. Defendants to pay all costs in both courts.
Amended and affirmed.